UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Case Number: 10-09281-HB

CONSENT ORDER REGARDING DEPOSIT OF INCOME TAX REFUNDS

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby **ORDERED**.

_____

**FILED BY THE COURT**
**06/02/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 06/03/2011

WCSR 4624854v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FIRST NATIONAL BANCSHARES, INC., | ) | Case No. 10-09281 |
| | ) | |
| Debtor. | ) | |
| | ) | |

CONSENT ORDER REGARDING DEPOSIT OF INCOME TAX REFUNDS
RECEIVED BY THE DEBTOR OR THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER OF THE FIRST
NATIONAL BANK OF THE SOUTH, SPARTANBURG

COMES NOW the chapter 7 Trustee, John K. Fort (the "**Trustee**"), and the Federal Deposit Insurance Corporation as Receiver (the "**FDIC-R**") for the First National Bank of the South, Spartanburg ("**FNB**" or the "**Bank**"), pursuant to 11 U.S.C. §§105, 363 and 704(a)[1] and by way of this consent order regarding the deposit of income tax refunds received by the Trustee, the Debtor, or by the FDIC-R (the "**Tax Refunds**") from the Internal Revenue Service and/or one or more state taxing authorities (collectively, "the "**Taxing Authorities**").

This case commenced on December 31, 2010, with the filing of the Debtor's voluntary chapter 7 petition. The Tax Refunds which are the subject of the dispute between the FDIC-R and the Trustee are based on one or more tax returns or amendments thereto filed or to be filed by the Debtor, the Bank, the Trustee or the FDIC-R (the "**Tax Returns**"). This Order is intended to allow for the placement of any Tax Refunds until the conclusion of this matter as more specifically set forth below.

NOW THEREFORE, it appearing from the signatures below that the Trustee and the FDIC-R all agree and consent to the deposit of the Tax Refunds by the means and under the conditions set forth below, it is hereby

ORDERED that the Trustee shall deposit the Tax Refunds in an account at a financial institution mutually agreeable to the FDIC-R and the Trustee (the "**Refund Account**"), with the funds invested in securities as agreed to by the Trustee and the FDIC-R. The Refund Account shall be and remain separate from any other account established by the Trustee. A copy of each monthly statement provided to the Trustee with respect to the Refund Account shall be promptly delivered by the Trustee to the FDIC-R at the addresses provided by the FDIC-R to the Trustee. It is

FURTHER ORDERED that the Trustee and the FDIC-R shall promptly deposit, or cause the applicable Taxing Authority to deposit, all Tax Refunds into the Refund Account. It is

FURTHER ORDERED that no monies shall be distributed or released from the Refund Account except upon (a) mutual agreement of the Trustee and the FDIC-R (sometimes

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, will be by section number only.

collectively referred to herein as the "Parties," or individually as a "Party") and application or stipulation presented by the FDIC-R and/or the Debtor to a federal court of competent jurisdiction with at least ten (10) business days advance notice given; or (b) the entry of an order of a federal court of competent jurisdiction which is no longer subject to appeal or being appealed which approves and provides for the distribution and release of such monies. It is

FURTHER ORDERED that the Refund Account shall be set up and thereafter maintained in compliance with Section 345 until all funds are disbursed from the Refund Account. Compliance with Section 345 shall not constitute a waiver or concession that the funds in the Refund Account are property of the Debtor's bankruptcy estate. It is

FURTHER ORDERED that, notwithstanding the reference to Section 345 in this Order, the fact that the Tax Refunds are deposited into or held in the Refund Account shall have no bearing on the determination of ownership of the Tax Refunds or jurisdictional issues; and nothing in this Order shall be deemed an admission by the Trustee or the FDIC-R as to the relative ownerships of either Party or relevant to any other claim or defense. Similarly, neither the Trustee nor the FDIC-R shall have any right of setoff, recoupment, deduction or chargeback, and neither the Trustee nor the FDIC-R shall be treated as having received the Tax Refunds for any purpose related to the determination of ownership of the Tax Refunds. It is

FURTHER ORDERED that no presumption or adverse inference shall exist or arise as a result of this Order or actions in accordance herewith with respect to the following: (a) the issue of ownership of the Tax Refunds between the Trustee and the FDIC-R; or (b) the nature of the relationship and obligations, if any, between the Trustee and the FDIC-R including, without limitation, the existence or non-existence of (i) a debtor-creditor relationship between the Parties, (ii) a constructive trust in favor of either Party, (iii) the nature or scope of any obligations or duties between the Parties, (iv) jurisdiction, or (v) any other claim or defense. Nothing in this Order shall be deemed to grant any Party any right, claim or defense or waive any Party's rights, claims or defenses relating to the bankruptcy case, any related adversary proceedings or any other judicial or regulatory actions all of which are hereby reserved and preserved in their entirety. It is

FURTHER ORDERED that the Trustee and the FDIC-R shall be deemed to have reserved all of their rights and arguments with respect to the forum in which any dispute as to the ownership of the Tax Refunds should or must be determined. Nothing in this Order shall prejudice, waive or impair the right of either the Trustee or the FDIC-R to take or commence in a federal court of competent jurisdiction any action or proceeding, including, but not limited to, seeking a declaration that the Tax Refunds, as a whole or in part, belong to it and/or its property pursuant to any statutory, regulatory or judicial authority. The Parties shall be deemed to have specifically reserved all rights relating to any determination (based on jurisdictional or other grounds) as to which federal court is competent to determine the ownership of the Tax Refunds; provided, however, at least one United States Federal Court shall have jurisdiction over the Trustee and the FDIC-R to determine the ownership of the Tax Refunds, and the Trustee and FDIC-R shall each be bound by such Court's determinations subject to the rights of the applicable Party to seek judicial review, reconsideration and appeal of such determinations. It is

FURTHER ORDERED that the Parties shall cooperate fully, to the extent reasonably requested by the other Party, in connection with filing any additional, alternate or amended tax returns, including schedules and attachments that may be filed with the Taxing Authorities (collectively, the "**Additional Returns**"), and any Tax Refunds obtained pursuant to such Additional Returns are Tax Refunds and thus will be subject to this Order and deposited in the Refund Account pursuant to this Order.  It is

FURTHER ORDERED that the Parties shall reasonably cooperate with each other in order to negotiate an amicable resolution of the ownership of the Tax Refunds until such time as either of the Parties determines, in good faith, that such negotiations are unlikely to result in an amicable resolution, at which point either of the Parties shall be free to commence or continue appropriate action(s) in a federal court of competent jurisdiction.  Except as otherwise provided in this Order, the commencement or continuation of an action in a federal court of competent jurisdiction shall not affect the rights and responsibilities of the Parties pursuant to this Order.  It is

FURTHER ORDERED that this court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**AND IT IS SO ORDERED.**


**[Consenting Signatures of counsel on next page.]**

ORDER AUTHORIZING SUBSTITUTION OF COUNSEL SIGNATURE PAGE

**WE SO AGREE AND CONSENT:**

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

_/s/ Rory D. Whelehan_
Rory D. Whelehan (Federal I.D. No. 7657)
North Carolina State Bar No. 16882
South Carolina Bar No. 012915
P.O. Box 10208, Greenville, SC 29603-0208
Tel: (864) 255-5404/Fax: (864) 255-5484
rwhelehan@wcsr.com
*Attorneys for John K. Fort, Chapter 7 Trustee*
(application to employ forthcoming)

MILLER & MARTIN PLLC

_/s/_
Nicholas W. Whittenburg
nwhittenburg@millermartin.com
David B. Kesler
dkesler@millermartin.com
Admitted Pro Hac Vice
832 Georgia Avenue, Suite 1000
Chattanooga, Tennessee 37402-2289
(423) 756-6600
        - and -
Kathryn R. Norcross, Senior Counsel
Merritt A. Pardini, Counsel
Federal Deposit Insurance Corporation
3501 Fairfax Drive
VS-D-7066
Arlington, Virginia 22226
mpardini@fdic.gov
        - and -
A. Todd Darwin
tdawrin@holcombebomar.com
Holcombe Bomar, P.A.
100 Dunbar Street, Suite 200
Spartanburg, South Carolina 29306
(864) 594-5300
*Attorneys for Federal Deposit Insurance
Corporation, as Receiver for First
National Bank of the South, Spartanburg*

WCSR 4624854v1